UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-80260-CIV-COHN/SELTZER

INTERNATIONAL VILLAGE ASSOCIATION,
INC. and JOHN LABRIOLA,

    Plaintiffs,

v.

AMTRUST NORTH AMERICA, INC.,
AMTRUST INTERNATIONAL
UNDERWRITERS LIMITED, INC., and
LIBERTY INSURANCE UNDERWRITERS,
INC.,

    Defendants.
_____/

## ORDER DENYING MOTIONS TO DISMISS

**THIS CAUSE** is before the Court upon Defendant AmTrust North America, Inc.'s Motion to Dismiss Plaintiffs' Amended Complaint [DE 1-6], Defendant AmTrust International Underwriters Limited, Inc.'s Motion to Dismiss Plaintiffs' Amended Complaint [DE 13], and Defendant Liberty Insurance Underwriters, Inc.'s Motion to Dismiss [DE 27]. The Court has reviewed the Motions and the record in this case, and is otherwise advised in the premises. For the reasons discussed herein, the Court will deny each of the Motions.

## I. BACKGROUND

This case involves a dispute over insurance coverage for a related state-court action. Plaintiff International Village Association, Inc. ("Association") is a condominium association located in Broward County, Florida. DE 1-5 at 88–97 (Amended Complaint

¶ 3.[1] Plaintiff John Labriola was at all relevant times a director or officer of the Association. Id. ¶ 4.

In July 2014, an individual named Ilan Weiss sued Labriola in state court. DE 1-5 at 189–91 ("Weiss Complaint").[2] Weiss alleged that Labriola published a blog entry portraying Weiss as dishonest in connection with his dealings with the Association. Id. ¶ 5. This blog entry caused a potential buyer of Weiss's condominium to withdraw from negotiations. Id. ¶ 9. Weiss thus asserted claims against Labriola for defamation and interference. Id. ¶¶ 5–12.

Defendant AmTrust International Underwriters Limited, Inc. ("AmTrust International") issued a commercial general liability policy to the Association effective from February 1, 2014, through February 1, 2015. Am. Compl. ¶ 10; DE 1-5 at 98–160 ("AmTrust Policy"). Liberty Insurance Underwriters, Inc. ("Liberty") issued an insurance policy to the Association effective from February 2, 2014, through February 2, 2015. Am. Compl. ¶ 12; DE 1-5 at 161–86 ("Liberty Policy"). Plaintiffs allege that the Policies provide coverage for Labriola in the underlying action ("Weiss Action"). Am. Compl. ¶ 20. Plaintiffs also allege that they timely notified AmTrust International, together with its affiliate, Defendant AmTrust North America, Inc. ("AmTrust North America"), and

---

[1] For the purpose of resolving the Motions, the Court adopts as true the facts alleged in the Amended Complaint. See Nat'l Ass'n of Bds. of Pharmacy v. Bd. of Regents, 633 F.3d 1297, 1301 n. 3 (11th Cir. 2011).

[2] On a motion to dismiss, the Court generally must limit its review of the facts to the four corners of the complaint. However, the Court may also review documents attached to a complaint or incorporated by reference. Fed. R. Civ. P. 10(c); Kelliher v. Target Nat'l Bank, 826 F. Supp. 2d 1324, 1327 (M.D. Fla. 2011). Plaintiffs have attached the Weiss Complaint and the insurance policies at issue to their Amended Complaint herein, and have incorporated those documents into their allegations by reference. The Court therefore may consider those documents in resolving the Motions.

Liberty of the Weiss Action, and requested a defense and indemnification under each of the Policies. Id. ¶ 21. However, Defendants have refused to defend or indemnify Plaintiffs. Plaintiffs therefore have asserted a cause of action for declaratory relief, asking the Court to determine that Defendants are obligated to defend and indemnify them with respect to the Weiss Action. Id. at 8. Plaintiffs also have raised a claim for breach of contract based upon Defendants' alleged failures to provide a defense and indemnification as required by the Policies. Id. at 9. Defendants have responded with their Motions, seeking dismissal of the Amended Complaint for failure to state a claim.

**II.   LEGAL STANDARD**

Under Rule 12(b)(6), a court shall grant a motion to dismiss where the factual allegations of the complaint cannot support the asserted cause of action. Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (per curiam). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations must give a defendant fair notice of the plaintiff's claims and the grounds upon which they rest. Id. Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

A complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 550 U.S. at 555. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Id. A well-pled complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely." Id. at 556 (internal quotation marks

3

omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555.

### III. DEFENDANT AMTRUST NORTH AMERICA, INC.'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT [DE 1-6]

In its Motion, AmTrust North America argues that the claims against it should be dismissed because it did not issue the AmTrust Policy to the Association. Instead, AmTrust International issued the Policy. AmTrust North America thus asserts that it could have no duty to defend or indemnify under the AmTrust Policy, nor could it breach the Policy, and that it has been improperly joined as a defendant. DE 1-6 at 4.

However, Plaintiffs have attached as Exhibit D to their Amended Complaint the letter they received informing them that their request for defense and indemnification in the Weiss Action had been denied. The letter was sent by AmTrust North America—an "AmTrust Financial Company" (DE 1-5 at 194)—and appears to lump together AmTrust North America and AmTrust International as unitary or at least closely related actors. Consistent with AmTrust North America's approach to its relationship with AmTrust International, Plaintiffs have alleged that both of those Defendants bear responsibility for the wrongful denial of defense and indemnification under the AmTrust Policy. See Am. Compl. ¶¶ 6, 8. Given the unclear nature of the relationship between AmTrust North America and AmTrust International, and of AmTrust North America's involvement with the AmTrust Policy, the Court is unable to determine at this time that AmTrust North America was improperly named as a defendant. Accordingly, AmTrust's Motion will be denied.

**IV. DEFENDANT AMTRUST INTERNATIONAL UNDERWRITERS LIMITED, INC.'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT [DE 13]**

In its Motion, AmTrust International argues that the claims against it should be dismissed because Labriola is not an insured under the AmTrust Policy with regard to the acts underlying the Weiss Complaint. In the Amended Complaint, Plaintiffs allege that Labriola qualifies as an insured under the AmTrust Policy as an officer, director, and volunteer employee of the Association. Am. Compl. ¶ 13. The AmTrust Policy defines the Association as an insured. DE 1-5 at 116. The Association's executive officers and directors are also "insureds" with respect to their duties as officers and directors. Id. Finally, the Association's volunteer workers are insureds while performing duties related to the conduct of the Association's business. Id. However, the Weiss Complaint alleges that Labriola was at all relevant times "acting solely in his individual capacity, and not on behalf of or authorized by [the Association]." Weiss Compl. ¶ 4. AmTrust International argues that because Labriola was alleged to have acted independently of the Association, he was not acting within the scope of his duties as an officer, director, or volunteer worker of the Association, thus is not an insured under the AmTrust Policy.

Under Florida law, an insurer's duty to defend is determined by reference to the allegations in the underlying action. Hartford Accident & Indem. Co. v. Beaver, 466 F.3d 1289, 1292 (11th Cir. 2006).[3] The duty to defend arises when the underlying complaint alleges facts that "fairly and potentially bring the suit within policy coverage." Id. (quoting Jones v. Fla. Ins. Guar. Ass'n, 908 So. 2d 435, 443 (Fla. 2005)). Ambiguous terms of an

---

[3] The parties appear to agree that Florida law governs AmTrust International's duties under the AmTrust Policy. See DE 13 at 4; DE 23 at 5.

5

insurance policy are liberally construed in favor of coverage. State Farm Fire & Cas. Co. v. Steinberg, 393 F.3d 1226, 1230 (11th Cir. 2004). "Any doubts regarding the duty to defend must be resolved in favor of the insured." Jones, 908 So. 2d at 443.

The Weiss Complaint and its exhibits reflect that Labriola is being sued upon his communications directed to persons having an interest in the Association—including condominium owners—to inform them of events relevant to an upcoming election of the Association's board of directors and possible threats to the Association's interests. See Weiss Compl. ¶ 5 & ex. A. Nowhere do the parties to this action or the Weiss Action clearly define the duties of the Association's officers or directors. Absent a contrary express definition of such duties, there is a strong argument to be made that the duties of the Association's officers and directors include communication with condominium owners regarding the Association's business and threats to the Association's interests. Accordingly, Labriola's actions in this vein potentially fall within the scope of his duties of an officer or director of the Association. Because all doubts regarding the duty to defend are resolved in favor of coverage, this potential for coverage is sufficient to overcome AmTrust International's argument for dismissal.

Weiss's conclusory assertion in the Weiss Complaint that Labriola was acting only on his own behalf, and not on behalf of the Association, does not lead to a different result. The duty to defend depends on the facts alleged in the underlying complaint, and not the legal labels and conclusions the underlying plaintiff has attached to its facts. See, e.g., Doe v. OneBeacon Am. Ins. Co., No. 11-00275, 2014 WL 5092258 at *10–12 (N.D. Fla. Oct. 9, 2014); Founders Ins. Co. v. Cortes-Garcia, No. 10-02286, 2012 WL 2505917 at *6 (M.D. Fla. June 28, 2012). The Weiss Complaint describes actions

6

Labriola arguably took in the course of his duties for the Association. Weiss's assertion that Labriola was acting solely in his individual capacity is a legal conclusion entitled to no deference. Accordingly, AmTrust International's Motion will be denied.

### V. DEFENDANT LIBERTY INSURANCE UNDERWRITERS, INC.'S MOTION TO DISMISS [DE 27]

Finally, Liberty argues that Plaintiffs' claims against it should be dismissed because the Association never reported a claim to Liberty relating to the Weiss Action. DE 27 at 3. Liberty contends that the Association's reporting of a claim is a condition precedent to coverage under the Liberty Policy. Id. at 3–4. Liberty concludes that the Association's failure to report a claim is fatal to Plaintiffs' causes of action against it for declaratory judgment and for breach of contract.

However, Plaintiffs have alleged that "[a]ny and all conditions precedent to bringing this action have occurred." Am. Compl. ¶ 17. Rule 9(c) of the Federal Rules of Civil Procedure provides that "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred." Therefore, Plaintiffs' allegations are sufficient to plead the occurrence of conditions precedent, including that a claim was properly submitted or reported to Liberty under the Liberty Policy. See also Am. Compl. ¶ 21 ("LABRIOLA and the ASSOCIATION timely notified AMTRUST and LIBERTY of the underlying lawsuit and requested a defense and indemnification regarding same."). Liberty's contrary assertion that Plaintiffs did not satisfy conditions precedent to coverage raises an issue of fact inappropriate for resolution on a motion to dismiss. See, e.g., Ardaman & Assocs., Inc. v. Travelers Cas. & Sur. Co. of Am., No. 08-144, 2009 WL 161203 at *9 (N.D. Fla. Jan. 22, 2009). Liberty's Motion will be denied.

## VI.  CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant AmTrust North America, Inc.'s Motion to Dismiss Plaintiffs' Amended Complaint [DE 1-6], Defendant AmTrust International Underwriters Limited, Inc.'s Motion to Dismiss Plaintiffs' Amended Complaint [DE 13], and Defendant Liberty Insurance Underwriters, Inc.'s Motion to Dismiss [DE 27] are **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 17th day of June, 2015.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF